# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-41047
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 24, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONALD ROY KELLY,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:16-CR-46-1

Before KING, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Donald Roy Kelly, formerly a corrections officer at the LaSalle Detention Facility in Texas appeals his convictions for providing a federal inmate with a prohibited object, in violation of 18 U.S.C. § 1791(a)(1) (count one), and for being a public official who accepted bribery, in violation of 18 U.S.C. § 201(b)(2) (count two). He contends that the evidence was insufficient to establish his guilt on either count of conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41047

We review Kelly's insufficiency claims to determine whether, viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, any rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see United States v. McCall*, 553 F.3d 821, 830 (5th Cir. 2008). We do not review "the weight or credibility of the evidence, including witness testimony," but "accept all credibility choices and reasonable inferences made by the jury that tend to support the verdict." *United States v. Kuhrt*, 788 F.3d 403, 413 (5th Cir. 2015).

To obtain a conviction under § 1791(a)(1), the Government was required to prove beyond a reasonable doubt that Kelly provided a prohibited object to an inmate of a prison in violation of a statute or a rule. *See* 18 U.S.C. § 1791(a)(1). Kelly asserts that no rational jury could have convicted him under § 1791(a)(1) because any conversations between himself and the prisoner who was discovered to be in possession of a contraband cellphone, Juan Saenz-Tamez, were impossible as a matter of law. Relying on his own testimony that he does not speak Spanish and that Saenz-Tamez could not speak English, as well as Warden Lacy's testimony that she never heard Saenz-Tamez speak English, he urges that Saenz-Tamez's testimony admitting that he paid Kelly to bring him a cellphone in prison was incredible as a matter of law and that, without it, the verdict on count one cannot stand.

Although Saenz-Tamez testified at trial through an interpreter, the evidence showed that he was also able to communicate in English. Saenz-Tamez described conversations that he had with Kelly and with another officer, Donald Turk, and he further described conversations that he overheard between Kelly and Turk. Further, although Warden Lacy testified that she personally never heard Saenz-Tamez speak English, she also stated that she

2

was alerted to the instant offense when a supervisor called to advise her that Saenz-Tamez had asked for a cellphone charger in English.  Additionally, Saenz-Tamez and another witness, Ledarris Limbrick, testified that they had exchanged text messages, and the records confirmed that Limbrick's texts were in English.

Given this evidence, a rational jury could have believed that Saenz-Tamez was able to communicate in English.  The only contradictory testimony was Kelly's, denying that he spoke any Spanish or that Saenz-Tamez spoke any English, but the jury was free to disregard that testimony and to instead credit Saenz-Tamez's, and this court will not revisit that credibility determination, particularly where Kelly has not shown Saenz-Tamez's testimony was incredible as a matter of law.  *See Kuhrt*, 788 F.3d at 413; *see also United States v. Chapman*, 851 F.3d 363, 377 (5th Cir. 2017).  Moreover, Saenz-Tamez's account of the events was corroborated by the testimony of several other witnesses, including Turk, Limbrick, and Darwin Deon Barlow, and by the physical evidence, including the phone and text records retrieved by FBI Special Agent Michael Collier.  When viewed in the light most favorable to the Government, reasonable jurors could conclude that this evidence was sufficient to establish that Kelly provided a prisoner with a prohibited object in contravention of federal rules sufficient to support his conviction on count one.  *See Jackson,* 443 U.S. at 319; *see also* § 1791(a)(1).    To    prove    a violation of the bribery statute as charged in count two, the Government was required to establish that Kelly (1) was a public official who (2) directly or indirectly, corruptly demanded, sought, received, accepted, or agreed to receive or accept "anything of value personally or for any other person," and (3) that he did so in return for "being induced to do or omit to do any act in violation of [his] official duty."  18 U.S.C. § 201(b)(2).  Kelly argues that the evidence was

insufficient to show that he was a public official within the meaning of that statute. He reasons that Warden Lacy's testimony established that he worked for a privately operated prison and thus proved that he was neither a federal employee nor someone who acted under or by any federal authority.

The federal bribery statute "has been accurately characterized as a comprehensive statute applicable to all persons performing activities for or on behalf of the United States, whatever the form of delegation of authority." *Dixson v. United States*, 465 U.S. 482, 496 (1984) (internal citations and quotations omitted). As he conceded at trial, Kelly's employment as a corrections officer at a private prison under contract with the U.S. Marshal's Office rendered him a "public official" for purposes of the statute. *See United States v. Thomas*, 240 F.3d 445, 447-48 (5th Cir. 2001) (determining that a prison guard employed at a facility under contract with the INS to be a "public official" because he "occupied a position of public trust with official federal responsibilities, [and] because he acted on behalf of the United States under the authority of a federal agency which had contracted with his employer.").

For the foregoing reasons, the judgment of the district court is AFFIRMED.

4